IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES DANIEL CARL,

  Petitioner,    No. CIV S-07-1122 MCE KJM P

 vs.

ROBERT HOREL, Warden, et al.,

  Respondents.    <u>FINDINGS & RECOMMENDATIONS</u>

           /

    Petitioner is an inmate serving a term of twenty-five years to life with enhancements at the Solano State Prison in California. Pet. at 1. It is undisputed that he became eligible for parole on January 17, 2003. Resp'ts' Mot. to Dismiss, Ex. A (Legal Status Sheet). More than two years after petitioner became eligible for parole, he was disciplined by prison authorities for the unauthorized possession of a controlled substance. Pet., Ex. C (Director's Level Appeal Decision).[1] Initially, petitioner was denied 130 days of worktime credit and a

---

[1] Petitioner was cited for possessing two pills of Neurontin, a non-narcotic drug prescribed and taken "as needed" to control his back pain. At Solano State Prison, medications are dispensed from a single location under supervision by prison authorities. Prisoners are not permitted to remove medications from this location, and prison authorities interpret petitioner's "as needed" prescription to allow him to either take or not take the medication at the designated time and place medicine is dispensed. This differs from the policy at Folsom State Prison, where petitioner was previously housed. At Folsom, petitioner was permitted to take his pills with him, and it was his common practice to place them in his coffee cup, take them to his work

1

1  variety of privileges.  Id.  After a series of administrative appeals, his offense was reclassified
2  and his credit loss reduced to 30 days.  Pet., Ex. D (Modification Order).  The petitioner seeks
3  habeas relief under several theories, arguing his administrative sanction was improper.
4  Respondents move to dismiss the petition as moot, because petitioner already is eligible for
5  parole and thus the revocation of work time credits cannot affect the length of his incarceration.

      Article III of the Constitution limits the jurisdiction of the federal courts to cases or controversies.  U.S. Const. Art. III, § 2.

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit.  This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quotations and citations omitted).  In Spencer, the Court held moot a habeas corpus petition challenging parole revocation because the petitioner had been released from custody during the pendency of the petition.  Id. at 18.  Because the petitioner had been released, vitiating the parole revocation could not affect his term of confinement.  Thus a favorable decision could not appreciably affect the rights of the petitioner.  The Court refused to apply the presumption of collateral consequences, which assumes a cognizable, redressable injury when a party challenges a criminal conviction.  Id. at 13.

> It was not enough that the parole violations found by the revocation decision would enable the parole board to deny respondents parole in the future.  For such violations did not render an individual ineligible for parole . . . [but were] simply one factor, among many, that may be considered by the parole authority.

Id. (citing Lane v. Williams, 455 U.S. 624, 633 n.13, 639-40 (1982) (citations and quotations omitted)).

---

assignment, and take them after he had finished his morning coffee.  Solano prison authorities cited petitioner when they found two pills in his coffee cup, which petitioner did not attempt to conceal.  Pet., Ex. C (Director's Level Appeal Decision).

The Ninth Circuit has explicitly applied the Court's holding in <u>Spencer</u> in the context of reviewing decisions to grant or deny parole.  <u>Wilson v. Terhune</u>, 319 F.3d 477, 481 (9th Cir. 2003) ("Because the decision whether to grant parole is left to the judgment of the Board of Prison Terms, the likelihood of delayed or denied parole is a type of nonstatutory consequence dependant on discretionary decisions that is insufficient to apply the presumption of collateral consequences.").

In the petition before the court, petitioner already is eligible for parole.  The revocation of worktime credits cannot give rise to standing because, even if the credits were restored by this court, his rights would be unaffected.  Worktime credits are counted alongside time served when determining when a prisoner is eligible for parole.  Because petitioner is already eligible for parole, any credits restored to petitioner would be superfluous.  Cf. <u>In re Dayan</u>, 231 Cal. App. 3d 184, 188-189 (1991); <u>Williams v. Schwarzennegger</u>, 2006 U.S. Dist. LEXIS 62649*, 26 (E.D. Cal. 2006) ("[I]f a prisoner's incarceration time passes his [minimum eligible parole date], and he has yet to be found *eligible for parole*, computation of time credits is meaningless--he will be released if and when found eligible." (emphasis in original)), <u>adopted by</u> <u>Williams v. Schwarzenegger</u>, 2006 U.S. Dist. LEXIS 71271 (E.D. Cal. 2006).  Petitioner seeks relief because "it is common practice for the Board of Prison Hearings to find Life-Term inmates unsuitable for parole for even the most basic of infractions."  Pet. for Habeas Corpus to the Cal. Supreme Ct. 10 (incorporated by reference into the current petition).  As in both <u>Spencer</u> and <u>Wilson</u>, this future injury is too speculative to give this court standing directly, and it is a "consequence that is insufficient to apply the presumption of collateral consequences."  <u>Wilson</u> 319 F.3d at 481; <u>Spencer</u>, 523 U.S. at 13-14, 18.

Accordingly, IT IS HEREBY RECOMMENDED that respondents' motion to dismiss be granted for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2008.

_____
U.S. MAGISTRATE JUDGE