IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES DANIEL CARL,

    Petitioner,                    No. CIV S-07-1122 MCE KJM P

    vs.

ROBERT HOREL, Warden, et al.,

    Respondent.               FINDINGS AND RECOMMENDATIONS

                              /

1. <u>Background</u>

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. On August 16, 2005, over two years after petitioner was eligible for parole, he was disciplined for possession of a controlled substance. Petition (Pet.) at 76. However, the conduct was not wilful, and simply a misunderstanding of the prison's "as needed" policy, which has been corroborated by a registered nurse. Pet. at 34. Given that the offense was not wilful, the punishment was downgraded to a Division "F" offense, restoring petitioner's privileges, and reducing his credit loss to 30 days. Pet. at 79. It is uncontested that the 30 day credit loss has not directly caused injury to the petitioner. Petitioner seeks habeas relief under the theory of collateral consequences. Opp'n at 1-2.

////

1  On April 17, 2008 this court issued findings and recommendations, which stated
2  that the future injury petitioner might incur is too speculative, and therefore denied the request
3  for habeas relief.  See Findings & Recommendations (docket no. 9) at 3.  In his objections to the
4  findings and recommendations, petitioner cited a parole board decision on November 27, 2007 as
5  evidence that he has suffered a "collateral consequence."  Objections to Findings &
6  Recommendations (docket no. 10), Ex. A at 1.  On May 9, 2008, the court vacated the April 17
7  findings and recommendations and allowed further briefing.
8  2.  Mootness
9  Article III, § 2 of the U.S. Constitution limits the jurisdiction of federal courts to
10 "cases-or-controversies," and this limitation grounds the federal courts' mootness jurisprudence.
11 Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000).  "A
12 moot action is one where the issues are no longer live or the parties lack a legally cognizable
13 interest in the outcome."  Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir. 1985) (citing Lee v.
14 Schmidt-Wenzel and Harter, 766 F.2d 1387, 1389 (9th Cir. 1985)).  Thus, in order to avoid
15 mootness, the petitioner "must have suffered or be threatened with, an injury traceable to the
16 [respondent] and likely to be redressed by a favorable judicial decision."  Spencer v. Kemna, 523
17 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).
18 If a party is no longer affected by a punishment, then there must be a "concrete
19 and continuing injury other than the now-ended [punishment] . . . some 'collateral consequence'
20 of the [punishment]," in order to avoid mootness.  Id.  There is no presumption of a "collateral
21 consequence" in prison disciplinary proceedings.  Wilson v. Terhune, 319 F.3d 477, 481 (2003).
22 Therefore, in cases such as this, the petitioner must allege collateral consequences sufficient to
23 show that the action is not moot.
24 In Wilson, the petitioner argued that the existence in his file of a prison
25 disciplinary, known as a "CDC 115," would result in collateral consequences.  Id.  He argued that
26 the CDC 115 provided a basis for denying parole.  Id. at 482.  The court, however, recognized

that the grant of parole is a discretionary matter. Id. Regarding discretionary decisions, the court observed, "delayed or denied parole is a type of nonstatutory consequence dependent on discretionary decisions that is insufficient to apply the presumption of collateral consequences." Id. at 481.

The facts in the instant case are somewhat different, because the petitioner cites a parole hearing decision as evidence that he has suffered an actual "collateral consequence." Objections, Ex. A at 2. The presiding parole board commissioner told petitioner that, "you need to distance yourself from that 115, or at least get it resolved, so that isn't out there getting in your way." Id. The commissioner also told petitioner there were "two or three things" supporting the denial, including his lack of insight into the reasons for the offense. Id. at 1, 2. Based on what the commissioner said to petitioner at his last hearing, it would be too speculative to conclude that petitioner is subject to a continuing injury and will suffer future parole denials that will be based on the Division "F" offense he suffered in 2005. As in Wilson, "the importance attached to any circumstance . . . is left to the judgment of the panel." Wilson, 319 F.3d at 482; see 15 Cal. Code Regs. § 2402(c).

Because there is no showing of any "collateral consequences," this matter is moot and the court is without jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that respondent' motion to dismiss (docket no. 7) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////
/////

shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2008.

_____
U.S. MAGISTRATE JUDGE